**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GREGORY ALLEN TRUITT, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1390 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent.* | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner filed this section 2254 habeas petition challenging his conviction and fifty-year sentence for aggravated robbery. Respondent filed a motion for summary judgement (Docket Entry No. 11), to which petitioner filed a response (Docket Entry No. 12).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS respondent's motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Procedural Background and Claims*

Petitioner was convicted of aggravated robbery in Harris County, Texas, and sentenced to fifty years imprisonment. The conviction was affirmed on appeal, and petitioner's petition for discretionary review was refused on March 6, 2013. *Truitt v. State*, No. 01–11–00187–CR, 2012 WL 3776425 (Tex. App.—Eastland 2012, pet. ref'd). Petitioner's application for state habeas relief was denied by the Texas Court of Criminal Appeals.

Petitioner raises the following claims for federal habeas relief:

1.    Trial counsel was ineffective in failing to:

      (a)    exclude an unnecessarily suggestive identification procedure;

(b)      cross-examine properly a State's witness; and

(c)      raise three trial objections.

2.      Petitioner's impermissible show-up identification violated due process.

3.      A police officer gave false or perjured testimony.

4.      The State violated petitioner's double jeopardy protections.

5.      Appellate counsel was ineffective in filing an *Anders* brief.

6.      The evidence is insufficient to support the conviction.

Respondent argues that these claims are without merit and should be dismissed.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U .S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from

2

Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 131 S. Ct. at 786. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.* (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine

3

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### Ineffective Assistance of Trial Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id*. at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

In denying petitioner's claims for ineffective assistance of trial counsel, the state trial court made the following relevant findings of fact and conclusions of law on collateral review:

> 38.  To obtain habeas relief for a claim of ineffective assistance of trial counsel, an applicant must first demonstrate, by a preponderance of the evidence, 'that counsel's performance was deficient, *i.e.*, that his assistance fell below an objective standard of reasonableness.' If deficient performance is shown, then an applicant must show resulting prejudice by a preponderance of the evidence. A failure to make a showing under either prong defeats a claim for ineffective assistance.

39. The Court finds that Applicant failed to overcome the presumption that his counsel performed reasonably by alleging sufficient facts to demonstrate that his trial counsel's conduct was deficient.

40. The Court finds that Applicant failed to show how he suffered prejudice due to any of his alleged claims of ineffectiveness.

41. Applicants for writs of habeas corpus have the burden to plead specific facts which, if proven to be true, might call for relief.

42. The Court concludes that Applicant failed to meet his burden under either prong of *Strickland* for all of the above claims of ineffective assistance of counsel, therefore, his ineffective assistance of trial counsel claim is denied.

43. The Court concludes that [trial counsel] was not ineffective and acted in accord with the prevailing professional norms throughout his representation.

44. The Court concludes that Applicant was not prejudiced by [trial counsel's] representation.

45. The Court concludes that the totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of trial counsel.

*Ex parte Truitt*, pp. 180–81 (citations omitted). The Texas Court of Criminal Appeals relied on these findings and conclusions in denying habeas relief. *Id.*, at cover.

Petitioner contends that trial counsel provided ineffective assistance of counsel in the following instances.

*Failure to Object to Identification Procedure*

Petitioner complains that trial counsel failed to object to an unnecessarily suggestive identification procedure.

Petitioner challenges the show-up identification procedure in a separate due process claim in this proceeding. The Court analyzed the issue, *infra*, and determined it to be without merit.

Consequently, trial counsel was not ineffective in failing to raise a meritless objection, and no deficient performance is shown. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Moreover, petitioner fails to demonstrate actual prejudice; that is, he fails to show that, but for trial counsel's failure to object to the allegedly improper identification procedure, there is a reasonable probability that the result of his trial would have been different. Officer Menendez and his partner witnessed petitioner flee the scene in the complainant's car and subsequently apprehended and arrested him. These officers positively identified petitioner in court. Consequently, even had the trial court excluded the complainant's pretrial identification of petitioner, the police officers were still able to identify petitioner. Regardless, the record shows that the complainant was unable to positively identify petitioner at trial, and no impermissibly suggestive identification procedure is shown.

The state court denied relief on petitioner's claims of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to Cross Examine Properly*

Petitioner next claims that trial counsel failed to cross examine a State's witness properly and adequately, or subject the State's case to meaningful adversarial testing.

Petitioner contends that trial counsel should have more strenuously cross examined Officer Menendez regarding his statement that he witnessed the robbery, because the officer's statement was a lie. The Court examined this issue under petitioner's separate habeas claim based on Officer Menendez's alleged perjury, *infra*, and found no merit to petitioner's claim. Officer Menendez

testified that he witnessed the robbery in that he saw petitioner inside the complainant's vehicle and witnessed petitioner flee the scene in the vehicle. Contrary to petitioner's arguments, Officer Menendez did not testify that he witnessed the *aggravated* robbery – he never saw petitioner pointing a firearm at the complainant. Petitioner fails to show that, but for trial counsel's failure to cross examine Officer Menendez more thoroughly and strenuously regarding his witnessing the robbery, there is a reasonable probability that the result of the trial would have been different. No ineffective assistance of counsel is shown.

The state court denied relief on petitioner's claims of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failures to Object*

Petitioner claims that trial counsel should have objected to (I) a "loaded" question, (ii) the State's improper "vouching for credibility" during closing argument at guilt-innocence, and (iii) improper closing argument at punishment regarding allocation of sentencing.

Although petitioner asserts that the State asked the complainant an improper "loaded" question, his actual argument complains that the State asked the complainant an improper "leading" question. (Docket Entry No. 4, p. 12.) The record shows that, during its case in chief, the State asked the complainant, "And when [*sic*] you say he was inside your car; correct?" to which the complainant answered, "Yes, he was inside." R.R., Vol. 3, p. 76. A review of the State's examination prior to this excerpt shows that the complainant had already testified to petitioner's jumping into his vehicle when the complainant had stopped at a red light, and that this information

was already before the jury. The record shows that the prosecutor was attempting to clarify the chronology of events by having the complainant present his story again in a slower, step-by-step fashion. Even assuming the question was presented in an improper form, petitioner fails to rebut the strong presumption that trial counsel's decision not to object was reasoned trial strategy under the circumstances. Petitioner further fails to show that he was actually prejudiced by counsel's failure to object; that is, petitioner does not demonstrate that, but for counsel's failure to object to the leading question, there is a reasonable probability that the result of the trial would have been different. Petitioner establishes neither deficient performance nor prejudice under *Strickland*.

Petitioner raises a separate due process claim, *infra*, regarding the allegedly improper sentencing allocation, claiming that it violated his double jeopardy protections. This Court determined that there was no double jeopardy violation. Consequently, trial counsel cannot be found ineffective in failing to make a groundless objection. *See Koch*, 907 F.2d at 527. Petitioner further fails to show that, but for counsel's failure to object to the State's closing argument, he would have received a lesser sentence. His conclusory allegations of harm are insufficient to meet his burden under *Strickland*.

Petitioner fares no better in his argument that counsel should have objected when the State vouched for its witness's credibility. It is generally improper for a prosecutor to make a personal assertion that vouches for the credibility of a witness. *United States v. Gracia*, 522 F.3d 597, 601 (5th Cir. 2008). The record shows that, during closing argument at the guilt-innocence phase of trial, defense counsel discussed how the complainant's testimony lacked credibility in that the testimony was confused and confusing:

You don't know what to believe. You don't know what happened. If you have to rely on [the complainant's] testimony, it's like trying to eat soup with a fork. Okay. You can't get a hold of it. It's like walking in a fog.

* * * *

What I'm saying to you is this, if you have to rely on [the complainant's] testimony, how comfortable can you be.

R.R. Vol, 4, pp. 39, 41. During the State's ensuing closing argument, the prosecution argued in relevant part as follows:

Can you imagine what it must be like to try and describe something that took place in two or three minutes but that will stay with you the rest of your life. Knowing how important it is and trying to get twelve other people to understand. It can't be easy. But he certainly wasn't lying to you, ladies and gentlemen of the jury. And he was pretty credible. And if you asked specific questions, he gave you specific answers. And there were a few times I had to clarify things. And that's okay. Because he gave you the answers. He wasn't lying to you.

* * * *

At this point you have to go back and ask yourself do I find the officers credible. Did I find [the complainant] credible. And if the answer to that question is yes, then your verdict is guilty.

*Id*., pp. 49, 50.

While prosecutorial vouching for government witnesses is never desirable, the United States Supreme Court has recognized that, to the extent a prosecutor's remarks are invited by similar remarks from the defense, a court must "not only weigh the impact of the prosecutor's remarks, but must also take into account defense counsel's opening salvo." *United States v. Young*, 470 U.S. 13 (1985). The prosecutor's response will not necessarily warrant reversal, so long as it is designed merely to "right the scale." *Id*. at 12–13. Here, it is clear that the prosecution was acting in response to defense counsel's remarks questioning the complainant's credibility, and that the prosecution's

10

comments were designed to "right the scale."  The comments were not objectionable under these circumstances, and no deficient performance by trial counsel is shown.  Petitioner further fails to show that, but for counsel's failure to  object to the State's comments, there is a reasonable probability that the result of the trial would have been different, and no prejudice is shown.

The state court denied relief on petitioner's claims of ineffective assistance of trial counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

### *Show-Up Identification*

Petitioner argues that his impermissibly suggestive show-up identification violated due process.

In denying relief on the merits of petitioner's due process habeas claims, the state trial court on collateral review made the following relevant findings of fact and conclusions of law:

19. The Court finds that the remainder of Applicant's due process claims amount to an attack on the sufficiency of the evidence supporting his identification as the perpetrator and a claim of trial court error.  In those claims *Applicant alleges that his right to due process was violated because of impermissibly suggestive pre-trial investigation procedures* and the State's improper jury argument.

20. It is well-established that a challenge to the sufficiency of the evidence used to sustain a felony conviction is not cognizable on an application for a post-conviction writ of habeas.  Likewise, a claim of mere trial error is not cognizable on collateral attack '[u]nless he [*sic*] can identify a constitutional or fundamental dimension to this claim.'

21. The Court concludes that the remainder of Applicant's due process claims are denied as not cognizable on a writ of habeas corpus.

*Ex parte Truitt*, p. 178 (citations omitted). The Texas Court of Criminal Appeals relied on these findings and conclusions in denying habeas relief. *Id*., at cover.

The state trial court construed petitioner's due process challenge to the pretrial identification procedure as a challenge to the sufficiency of the evidence on collateral review, and denied relief on that basis. The state trial court's finding is based solely on state law, and is binding on this Court. Moreover, this Court notes that petitioner failed to file a *pro se* response brief to counsel's *Anders* brief on direct appeal, and thus did not raise this issue on appeal.

Regardless, petitioner fails to establish use of an impermissibly suggestive pretrial identification procedure in his case. The police officers obtained the complainant's identification of petitioner by returning the complainant to the scene of the crime, bringing him to petitioner, and asking him whether petitioner was the individual who had assaulted and robbed him. The complainant positively identified petitioner as his assailant and robber. Petitioner fails to establish that, had counsel objected to the identification, it would have constituted reversible error for the trial court to overrule the objection.

Federal due process protects accused individuals from unreliable identifications resulting from impermissibly suggestive procedures. *See, e.g.*, *United States v. Sanchez*, 988 F.2d 1384, 1389 (5th Cir. 1993). The admissibility of identification evidence involves a two-step analysis: (1) whether the identification procedure was impermissibly suggestive, and (2) whether, under the totality of the circumstances, the procedure posed a substantial likelihood of irreparable misidentification. *United States v. Shaw*, 894 F.2d 689, 692 (5th Cir. 1990). Factors to be considered in determining a likelihood of misidentification include the opportunity of the witness to view the perpetrator; the witness's degree of attention; the accuracy of the witness's prior

description; the level of certainty demonstrated at the confrontation; the length of time between the crime and the confrontation; and the corrupting effect of the suggestive identification itself. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977).

A one-person show-up, as employed in this case, may be an impermissibly suggestive procedure in certain instances. *See Shaw*, 894 F.2d at 692. Even so, a defendant identified in that manner is not entitled to federal habeas relief unless, based on the totality of the circumstances, the procedure led to a substantial likelihood of irreparable misidentification at trial. *Id.*

Even if this Court were to assume that the out-of-court identification procedure in this case was impermissibly suggestive, it presented no substantial likelihood of misidentification under the requisite totality of the circumstances. The state court record shows that the complainant had adequate opportunity to view the perpetrator in that he jumped into the complainant's vehicle at a red light and pointed a firearm at him, face-to-face. The complainant unequivocally told the officers that petitioner was the perpetrator, and the time between the crime and the confrontation was short. Regardless, no substantial likelihood of misidentification at trial is shown, because the complainant was unable to positively identify petitioner at trial.

Petitioner fails to establish that the State denied him due process as to the show-up identification, and the state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

***False or Perjured Testimony***

Petitioner alleges that he was denied due process because Officer Menendez falsely testified at trial that he saw the robbery.

The state trial court on collateral review rejected petitioner's claim of perjury and made the following relevant findings of fact:

> 11.   The Court finds that Applicant failed to identify the witness who allegedly gave perjured testimony, failed to establish that the testimony was actually perjured, and failed to establish how he was harmed.
>
> 12.   The Court concludes that the Applicant failed to assert facts which if true would entitle him to relied, therefore, his perjured testimony claim is denied.

*Ex parte Truitt*, p. 177 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.  Again, this Court notes that petitioner failed to raise this issue on direct appeal through the filing of a *pro se Anders* response.

It is well settled that the prosecution may not knowingly use perjured testimony or allow perjured testimony to go uncorrected.  *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Giglio v. United States*, 405 U.S. 150, 154 (1972).  To prove a due process violation in such a case, a petitioner must demonstrate (1) that the testimony in question was actually false, (2) that the prosecutor was aware of the perjury, and (3) that the testimony was material.  *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996).  Contradictory testimony from witnesses, inconsistencies within a witness's testimony, and conflicts between reports, written statements and the trial testimony of prosecution witnesses do not, standing alone, establish perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (holding that contradictory testimony from witnesses or inconsistencies in a witness's testimony at trial are to be resolved by the trier of fact and do not suffice to establish that certain testimony was perjured).

Petitioner robbed the complainant of three items of property in this criminal offense – a wallet, car keys, and a car. Officer Menendez never testified to personally seeing petitioner take the wallet or car keys, but he did testify that he personally saw petitioner flee the scene in the complainant's vehicle. The record does not support petitioner's claim that the officer committed perjury in testifying that he saw the robbery. Petitioner fails to establish that the police officer's testimony was actually false, that the prosecutor was actually aware of the falsity, and that the testimony was material.

Petitioner fails to establish that the State denied him due process in presenting perjured testimony. The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Double Jeopardy*

Petitioner argues that the State violated his protections against double jeopardy during closing argument at the punishment phase of trial by asking the jury "to allocate 15 years for a prior conviction."

In denying this claim on collateral review, the state trial court made the following relevant findings of fact:

> 13. The prohibition against double jeopardy protects an accused against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.

> 14. A double-jeopardy claim may be raised for the first time on a writ of habeas corpus if two conditions are met: (1) the undisputed facts show that the

15.      double-jeopardy violation is clearly apparent on the face of the record; and (2) when enforcement of the usual rules of procedural default serve no legitimate state interest.

15.      A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim.

16.      The Court finds that Applicant failed to identify that he was prosecuted for the same offense after acquittal or conviction, nor did he show that he received multiple punishments for the same offense.

17.      The Court finds that the undisputed facts do not show that a double-jeopardy violation is clearly apparent on the face of the record.

18.      The Court concludes that Applicant fails to assert facts which if true would entitle him to relief, therefore, his double jeopardy claim is denied.

*Ex parte Truitt*, pp. 177–78 (citations omitted). The Texas Court of Criminal Appeals relied on these findings and conclusions in denying habeas relief. *Id*., at cover. As before, petitioner failed to raise this issue on direct appeal through the filing of a *pro se Anders* response brief.

The basis for petitioner's double jeopardy claim arises from the following arguments made by the State during closing argument:

> I would ask you to think and keep some things in mind. This bottom [*sic*] has the 15 to 42 years. I would submit to you that's for the people who don't commit any sort of violent offense. Your drug cases, people who need help, people who are hurting themselves and only themselves. That's where you start to bring the number down. It's what we call mitigation. The good things. The things that he did right. You start to bring the number down.

> Ladies and gentlemen of the jury, there isn't a single good thing. There isn't anything that you have heard to bring that number down. So we stay at the 42.5 years. You also get to consider the bad things, the ugly things, and you get to consider all of the bad acts he's done, plus the nature of the crime this is, and I think you, if you think about it, you are going to keep going up.

> *Now the State legislature decided because of his past aggravated robbery, the minimum is now 15. And if you think about it, I proved to you, you found him guilty*

*of an aggravated robbery in 2009. So if we just take the number, that would be another 15, and then I proved to you a third aggravated robbery. Where he stole the complainant's car and using the car as a deadly weapon injured [a third party], that would be another 15, that puts you right at 45.*

R.R., Vol. 5, pp. 59–60. The State asked the jury for a sentence of sixty years incarceration; the jury assessed petitioner's punishment at fifty years incarceration. Petitioner argues that, but for the State's unlawful allocation argument which "added" thirty years, the jury may have awarded him only twenty years.

Petitioner's claim has no merit. Double jeopardy protections are not applicable in sentencing proceedings because the determinations at issue do not place the defendant in jeopardy for an "offense." *Monge v. California*, 524 U.S. 721, 728 (1998); *Nichols v. United States*, 511 U.S. 738, 747 (1994). Nor have sentence enhancements been construed as additional punishment for the previous offense; rather, they act to increase a sentence "because of the manner in which [the defendant] committed the crime of conviction." *Id.*; *see also Witte v. United States*, 515 U.S. 389, 398–399 (1995). An enhanced sentence imposed on a persistent offender thus is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but as a heightened penalty for the latest crime. *Id.*

Petitioner does not direct the Court to any applicable Supreme Court authority holding that arguments such as those made by the State in this case constitute a violation of double jeopardy protections, and the Court finds none.

Petitioner fails to establish that the State violated his protections against double jeopardy. The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an

unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### Ineffective Assistance of Appellate Counsel

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687–88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available non-frivolous ground for appeal. *Evitts*, 469 U.S. at 394. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690–91.

Petitioner claims that appellate counsel was ineffective in filing an *Anders* brief instead of raising meritorious issues on appeal. Petitioner additionally contends that appellate counsel neglected to raise due process errors or raise "a dead bang winner" issue as to the State's vouching for the credibility of its witness.

*Anders Brief*

Petitioner contends that appellate counsel was ineffective in filing an *Anders* brief in lieu of raising meritorious grounds for reversal. In rejecting petitioner's claim, the state trial court made the following findings of fact and conclusions of law on collateral review:

> 27. The Court finds, based on the First Court of Appeals's determination that applicant's case presented no reversible error, that appellate counsel cannot be said to be objectively unreasonable where [*sic*]. The First Court of Appeals found that appellate counsel's brief met the requirements of *Anders* by presenting a professional evaluation of the record and detailing why there were no arguable grounds for reversal.
>
> 28. The Court concludes that Applicant failed to show that [appellate counsel] acted deficiently. The Court further concludes that [appellate counsel] was not ineffective and acted in accordance with prevailing professional norms throughout his representation. Therefore, Applicant's ineffective assistance of appellate counsel claim is denied.
>
> 29. The Court finds that Applicant has not raised any issues on habeas that have indisputable merit under well-settled law and would necessarily prevail on appeal.
>
> 30. The Court concludes that Applicant has not shown that he was prejudiced by appellate counsel's failure to raise the claims he has raised on habeas. The Court concludes that Applicant was not prejudiced by [appellate counsel's] representation. Therefore, his ineffective assistance of appellate counsel claim is denied.
>
> 31. The Court concludes that Applicant failed to allege facts that if true entitle [him] to relief, therefore, his claim that appellate counsel was ineffective is denied.
>
> 32. The Court concludes that the totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of appellate counsel.

*Ex parte Truitt*, pp. 178–79 (citations omitted). The Texas Court of Criminal Appeals relied on these findings and conclusions in denying habeas relief. *Id.*, at cover.

19

Appellant fails to establish that any of his proffered appellate claims were meritorious and would have required reversal of his conviction, and no ineffective assistance is shown. *See Cantu v. Collins*, 967 F.2d 1006, 1017 (5th Cir. 1992) (holding that where issues petitioner faults appellate counsel for failing to raise on direct appeal were rejected by state and federal habeas courts, claim of appellate attorney error was "frivolous"). Moreover, petitioner had the right to file a *pro se* response to appellate counsel's *Anders* brief, raising any issue he wished to pursue on appeal. However, petitioner failed to file a *pro se Anders* response, and did not raise any of the issues that he faults counsel for failing to raise.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Due Process Claims*

Petitioner specifically asserts that appellate counsel should have raised claims for an impermissibly suggestive show-up identification procedure, perjured testimony, and a double jeopardy violation during the State's closing argument at the punishment hearing. The state habeas court rejected the merits of petitioner's underlying claims as to the identification procedure and improper jury argument:

> 19.    The Court finds that the remainder of Applicant's due process claims amount to an attack on the sufficiency of the evidence supporting his identification as the perpetrator and a claim of trial court error. In those claims Applicant alleges that his right to due process was violated because of impermissibly suggestive pre-trial investigation procedures and the State's improper jury argument.[1]

_____

[1]In rejecting petitioner's claim for "improper jury argument," it is unclear whether the trial court was referring to petitioner's improper vouching claim or his double jeopardy claim; the former

20

20.     It is well-established that a challenge to the sufficiency of the evidence used to sustain a felony conviction is not cognizable on an application for a post-conviction writ of habeas.  Likewise, a claim of mere trial error is not cognizable on collateral attack '[u]nless he [*sic*] can identify a constitutional or fundamental dimension to this claim.'

21.     The Court concludes that the remainder of Applicant's due process claims are denied as not cognizable on a writ of habeas corpus.

*Ex parte Truitt*, p. 178 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings and conclusions in denying habeas relief.  *Id*., at cover.

The state trial court further expressly denied petitioner's double jeopardy argument.  In denying the claim, the state trial court found as follows:

17.     The Court finds that the undisputed facts do not show that a double-jeopardy violation is clearly apparent on the face of the record.

18.     The Court concludes that Applicant fails to assert facts which if true would entitle him to relief, therefore, his double jeopardy claim is denied.

*Ex parte Truitt*, pp. 177–78 (citations omitted).

It cannot be said that appellate counsel was ineffective in failing to raise these meritless issues on appeal, and petitioner has established neither deficient performance nor actual prejudice under *Strickland*.  *See Koch*, 907 F.2d at 527; *see also Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite.").  For these reasons, petitioner's claims of ineffective assistance of appellate counsel regarding his due process arguments are without merit.

---

claim arose during the State's closing argument at guilt-innocence, the latter during the State's closing argument at punishment.  Nevertheless, any ambiguity is unimportant, as the state trial court expressly denied the underlying merits for both of these claims.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Vouching for Witness Credibility*

Petitioner next claims that appellate counsel should have raised as reversible error the prosecution's vouching for the complainant's credibility during closing argument. The state court on collateral review rejected petitioner's underlying claim of prosecutorial misconduct regarding the State's alleged vouching for a witness's credibility. In addition to the state court's findings rejecting petitioner's due process claims, *supra*, the state trial court found as follows:

> 46. The writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal. 'Record claims' which could have been but were not presented in the trial court or on direct appeal should not be considered on habeas.

> 47. The Court finds that the opportunity to raise this claim that the prosecutor engaged in misconduct by vouching for the credibility of a State's witness was in a *pro se* response to appellant's *Anders* brief. The Court further finds that Applicant did not file a *pro se* response to the *Anders* brief.

> 48. The Court finds that Applicant also had the opportunity to raise his claim that the prosecutor engaged in misconduct by vouching for the credibility of the State's witness in his petition for discretionary review.

> 49. The Court concludes that Applicant's claim that the prosecutor engaged in misconduct by vouching for the credibility of the State's witness is denied as not cognizable on a writ of habeas corpus.

*Ex parte Truitt*, p. 181 (citations omitted). The Texas Court of Criminal Appeals relied on these findings and conclusions in denying habeas relief. *Id.*, at cover.

Although petitioner faults appellate counsel for not raising this issue on direct appeal, this Court has already notes that petitioner himself failed to raise it on direct appeal. Petitioner did not

file a *pro se* response to counsel's *Anders* brief and, accordingly, did not present this issue to the state intermediate court of appeals. Petitioner further failed to raise it in his petition for discretionary review.

Regardless, petitioner does not show that, but for appellate counsel's failure to raise this issue on direct appeal, there is reasonable probability that the result of the appeal would have been different. Trial counsel did not object to the statement at the time it was made and, consequently, any error was waived pursuant to Texas's contemporaneous objection rule. *See*, *e.g.*, *Jackson v. Johnson*, 194 F.3d 641, 652 (5th Cir. 1999). Consequently, the issue on appeal would have lacked merit.

The state court denied relief on petitioner's claims of ineffective assistance of appellate counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Insufficiency of the Evidence*

Petitioner contends that the evidence is insufficient to support his conviction for aggravated robbery. Respondent correctly argues that this claim is procedurally defaulted and barred from consideration by this Court because petitioner failed to raise it in a *pro se* response on direct appeal, and because petitioner fails to argue or show good cause and prejudice for the default. The state trial court found that challenges to the sufficiency of the evidence were not cognizable habeas claims, and denied habeas relief. *Ex parte Truitt*, p. 176.

Even assuming the issue were not procedurally defaulted, it is without merit. Petitioner bases his insufficiency claim primarily on lack of identification. However, the record shows that the two

23

police officers who first saw the offense in progress were eyewitnesses to petitioner's presence in the complainant's vehicle, and were the officers who gave chase to petitioner when he fled the scene in the complainant's vehicle. They readily identified petitioner in court. Although the complainant himself was unable to affirmatively identify petitioner in court, he had positively identified petitioner as his assailant at the scene of the offense.

The evidence is further sufficient to support the conviction for the offense itself. The complainant testified that petitioner had jumped into his car at a red light, pointed a firearm at him, removed his keys and stole his wallet, and struck him on the head with the firearm. Petitioner left the complainant lying in the grass, bleeding from a head laceration, as he fled the scene in the complainant's vehicle. A high-speed chase ensued through residential neighborhoods as the police officers attempted to apprehend petitioner. Petitioner eventually crashed the vehicle, but kicked out the windshield and climbed out of the car with a firearm in hand. Petitioner struggled with the police officers as they attempted to arrest him, but he was subdued and taken into custody. The officers returned petitioner to the original crime scene, where the complainant positively identified him as the individual who had assaulted and robbed him at gunpoint. The Court finds the evidence sufficient to support the conviction under *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979), and petitioner is not entitled to federal habeas relief on this issue.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 11) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on November 25, 2014.

Gray H. Miller
United States District Judge
